IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                    CR. NO. 2:23-cr-20191-MSN-5

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

     Defendants.

## DEFENDANT, JUSTIN SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL AND MEMORANDUM IN SUPPORT OF SAME

     COMES NOW, the Defendant, Justin Smith (hereinafter "Justin Smith"), and moves this Honorable Court, pursuant to FRCrP 29, for a judgment of acquittal, and in support of same would state as follows:

     1.     FRCrP 29(a) Motion for a Judgment of Acquittal states:

     **Before Submission to the Jury**. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense <u>for which the evidence is insufficient to sustain a conviction</u>. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

     2.     The simplicity and straight forward presentation of this Motion and Memorandum at hand in no way reflects anything other than the fact that applying the obvious absence of

evidence against Justin Smith necessitates this Court's judgment of acquittal at the close of the Government's proof.

3.    An acquittal is any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense. *Burks v. United States*, 437 U.S. 1, 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

4.    Thus an "acquittal" includes "a ruling by the court that the evidence is insufficient to convict," a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability," and any other "rulin[g] which relate[s] to the ultimate question of guilt or innocence." *United States v. Scott,* 437 U.S. 82, 98, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978)

## ARGUMENT

5.    Justin Smith was indicted in a four (4) count Indictment [ECF. No. 1].

6.    The substance of said Indictment alleges that Justin Smith willfully and knowingly did the following:

a.    Administered excessive force in the arrest of Tyre Nichols (hereinafter "Mr. Nichols");

b.    Or; aided and abetted others to administer excessive force in their arrest of Mr. Nichols;

c.    Or; failed to intervene to stop the excessive force of others in the arrest of Mr. Nichols;

d.    Or; deprived Mr. Nichols of medical care for Mr. Nichols' serious injuries sustained in the arrest of Mr. Nichols;

e.    Or; obstructed justice by lying and covering up excessive force administered in the arrest of Mr. Nichols;

f.    Or; conspired to cover up the excessive force or deprivation of medical care.

7. The sum and substance of the criminal charges brought against Justin Smith are best encapsulated in the aforementioned six (6) common language translations.

8. The crimes alleged against Justin Smith are intentional crimes for which his conduct or failure to act are alleged to be willful, knowing, and intentional.

9. The proof from the Government's own witnesses called by the Government actually negated each of the elements of each of the indicted offenses.

10. In *United States v. Central Supply Asso.*, the court granted the defendants' motions for judgments of acquittal, holding that the evidence was insufficient to sustain a conviction of conspiracy. The court found a material and fatal variance between the offense charged in the indictment and the evidence offered by the government.

11. The undisputed and unrefuted proof from the Government's own witnesses was that Justin Smith arrived on the scene of the arrest as a result of a call for assistance with a fleeing suspect who had fought with police in such a way as to have been "tased and sprayed" and attempted to assist Tadarrius Bean in handcuffing Mr. Nichols. Mr. Nichols resisted. This resistance was after fleeing from the first attempted arrest which was to be performed by Preston Hemphill, Emmitt Martin, and Demetrius Haley.

12. The undisputed and unrefuted proof is that while attempts were made to handcuff Mr. Nichols, Mr. Nichols was sprayed again with Oleoresin Capsicum Spray (OC Spray) as was Justin Smith.

13. The undisputed proof is that OC spray will incapacitate anyone who has contact with the spray blinding them, incapacitating, and robbing them of the ability to breathe.

14. The undisputed proof is that while blinded, Mr. Nichols continued to resist.

15.     Another Memphis police officer administered baton strikes to Mr. Nichols' right arm which was not handcuffed. Emmitt Martin struck Mr. Nichols in the face five (5) times.

16.     The Government's only proof of Justin Smith's involvement with these strikes are his verbalization of "get him" or "hit him" said out loud to no particular person, and for purposes of this motion and memorandum, the reason or the intended recipient of those statements are unknown but are stipulated to.

17.     Whatever force was applied to Mr. Nichols by someone other than Justin Smith was administered while Mr. Smith was indisputably blind and disoriented.

18.     Therefore, the specific criminal intent of Justin Smith has not been hinted at, much less established, wherein a reasonable juror could find beyond a reasonable doubt that Justin Smith was guilty of either excessive force or aiding and abetting excessive force.

19.     Proof of crime of deprivation of rights under color of law requires government to show that defendant had specific intent to deprive victim of right under Constitution. 18 U.S.C.A. § 242. *United States v. Epley*, 52 F.3d 571 (6th Cir. 1995). Specific intent to deprive another of civil rights is an element of the offense that the government must prove beyond a reasonable doubt. *Id*.; *See, e.g., United States v. Hamilton*, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976, 103 S.Ct. 312, 74 L.Ed.2d 291 (1982).

20.     Many courts have granted acquittals for failure to establish the required intent for the crime. In *United States v. Cacioppo*, the district court set aside the jury's verdicts and entered judgments of acquittal on the basis that the government failed to prove that the first defendant knowingly made a false statement when she certified the completeness of her reporting or knowingly concealed the names of individuals she knew she was required to disclose in violation of ERISA reporting requirements. The government had to show that the defendant intentionally

4

did not disclose even though she knew she had to. They failed to meet that burden. *United States v. Cacioppo*, 460 F.3d 1012 (8th Cir. 2006).

21.     Here, to have a "criminal" 1983 claim or better known as a Section 242 claim requires intent. The intent requirement for a conviction under 18 U.S.C. § 242 is that the defendant must have acted "willfully." This means that the defendant must have acted with a specific intent to deprive a person of a constitutional right, which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them. *United States v. Johnstone*, 107 F.3d 200 (3d Cir. 1997)

22.     For purposes of the federal civil rights criminal prosecution, defendant's act is done with requisite willfulness if it is done voluntarily and intentionally and with specific intent to do something the law forbids; that is, with intent to violate a specific protected right. 18 U.S.C.A. §§ 241, 242. *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993). The requisite specific intent to support a criminal conviction on a federal civil rights violation where a defendant is charged with intentionally using unreasonable force **is intent to use more force than is necessary** under the circumstances; a jury is required to find that the defendant intended to use unreasonable force. 18 U.S.C.A. §§ 241, 242. *Id.*

23.     The Supreme Court in *Screws v. United States* clarified that "willfully" in the context of § 242 requires more than a general bad purpose; it necessitates a specific intent to deprive a person of a defined constitutional right. This can be shown if the defendant acted in open defiance or reckless disregard of a constitutional requirement that has been made specific and definite. *Johnstone*, 107 F.3d 200.

24.     Additionally, courts have consistently held that it is not sufficient for the defendant to have merely intended to use force; the intent must be to use force that is

unreasonable under the circumstances, thereby violating the victim's constitutional rights. *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993).

25.     With regard to the allegation of deprivation of medical care, the undisputed video evidence is that the only person on the scene of the arrest concerned about Mr. Nichols' oxygen levels was Justin Smith. Justin Smith directed the medical personnel more than once to provide Mr. Nichols with oxygen which the medical personnel were equipped with, but yet did not bring with them to the scene.

26.     The undisputed medical proof is that the brain injuries suffered by Mr. Nichols could not have been successfully reversed or remedied by emergent care providers at the scene, and that the only care that EMTs from the Memphis Fire Department could have possibly provided was oxygen which they failed to do even after numerous requests by Justin Smith to provide oxygen to Mr. Nichols.

27.     Regarding false reporting and witness tampering, the undisputed proof from the Government's case is that Justin Smith filled out his "Blue Team" or "Response to Resistance Form" indicating the areas where Justin Smith attempted to strike Mr. Nichols in order to obtain his hands for handcuffing notating those injuries from not only the attempted strikes, but also the injuries to Mr. Nichols' wrists from either the strikes or the handcuffing.

28.     Detective Valandria McKinnie prepared an Incident Offense Report based solely upon the information provided by other parties, and in no way was drafted either in the immediate presence of Justin Smith or based on Justin Smith's information.

29.     To permit a jury to deliberate on Justin Smith's guilt upon the absence of any direct or circumstantial evidence of Justin Smith's complicity or direct actions would be unjust, unfair, and exactly the reason FRCRP 29 exists.

## CONCLUSION

30.     Justin Smith prays that this Honorable Court, having heard all of the proof, enter a

judgment of acquittal for Justin Smith because the evidence is so wholly insufficient that it could

not sustain a conviction of the specific intent crimes alleged by the Government against Justin

Smith.

Respectfully submitted,

/s/Martin Zummach
Martin Zummach #16352
Attorney for Defendant, Justin Smith
7125 Getwell Road, Ste. 201
Southaven, MS 38671
(662) 349-6900

CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of September, 2024, a copy of the
foregoing document was electronically filed with court clerk using the ECF System, and
that upon filing, a copy will be sent via the Court's ECF System to all registered parties
in this case.

*S/Martin Zummach*