IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                              CR. NO. 2:23-cr-20191-SHL

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    Defendants.

---

DEFENDANT, JUSTIN SMITH'S SUPPLEMENTAL AND AMENDED
MOTION FOR NEW TRIAL PURUSANT TO FRCrP 33, AS WELL AS,
MOTION TO UNSEAL RECORD AND HOLD EVIDENTIARY HEARINGS

---

COMES NOW, the Defendant, Justin Smith (hereinafter "Justin Smith"), and files this his Supplemental and Amended Motion for New Trial Pursuant to FRCrP 33 originally timely filed at ECF No.: 660, as well as Motion to Unseal Record and Hold Evidentiary Hearings and in support of same, and would state as follows:

    1.    Newly discovered evidence has been turned over by the U.S. Attorney's Office to the defendants in this case.

    2.    Said disclosures of improper ex parte communications between the original trial judge who heard the case in question has been filed as a sealed document at ECF No.: 846.

**SEALED PLEADINGS SHOULD BE UNSEALED**

3. No order has been entered by the original trial judge sealing the record or any of the related pleadings filed, so therefore, said document should now be unsealed as the sealing does not meet the requirements and very high standard for sealing filed pleadings.

4. The *Shane Group* Factors weigh heavily against sealing any document in this case.

5. For the Court to even temporarily seal a document, the proponent of the sealing must meet the very high Sixth Circuit standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The default position of evidence filed of record with the court is that it should be open to public review. *See id.* at 305. In fact, there is a strong presumption in favor of leaving court records open. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The greater the public interest is in the subject matter of the litigation, the greater the burden necessary to overcome the presumption of openness. *Shane Grp. Inc.*, 825 F.3d at 305. Even when a party can meet this exacting burden, the seal must be narrowly tailored to serve the reasons given. *Shane Grp., Inc.*, 825 F. 3d at 308.

6. In fact, "[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)," is typically enough to overcome the presumption of access. *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

7.  The fact that in the case at hand, information or records were designated as confidential [by the U.S. Attorney's Office] and prevented from disclosure under a protective order is not alone reason to order the evidence to be sealed. *Shane* at 306.

8.  As it stands now, the public is left to wonder what occurred during the trial, or what occurred after the trial necessitating the recusal of the trial judge. Court proceedings should be open to the public and continuing to seal and privatize the airing of these issues will do nothing but damage the public's perception of the fairness of the judicial system in this district.

## ORDERING A NEW TRIAL IS THE ONLY SUFFICIENT REMEDY

9.  It is obvious that the trial judge, the Honorable Mark Norris, should have never presided over the case at hand with his preconceived bias and unsubstantiated prejudices against not only the Memphis Police Department, but the three (3) defendants who stood trial.

10. No remedy other than a new trial is sufficient.

11. The current judge assigned the case at hand did not hear the proof which was presented for nearly four (4) weeks.

12. Rulings by the original trial judge which will be set out more particularly in subsequent memoranda of law and fact were so erroneous and so basic that they could have only been a result of the previously undisclosed biases that the trial judge maintained against the defendants.

13. Based upon the allegations contained in the Government's disclosure (ECF No.: 846), the only relief which would be appropriate is a new trial as to the convicted charges.

14. If this evidence contained in the Government's disclosure had been discovered during trial, the appropriate remedy would have been a mistrial and Motion for Recusal. But,

since this evidence has only been disclosed after the trial, a new trial is the only appropriate remedy.

## SERIOUS CONSTIUTIONAL EVIDENTIARY ERRORS NECESSITATING A NEW TRIAL

15. While there are appealable issues regarding rulings of the original trial court which occurred during the trial which were both so fundamental and erroneous, the Court of Appeals will surely reverse the convictions and order a new trial. However, the allegations and facts made known to defense counsel at this time are so clear that it calls into question the fundamental constitutional protections given to a criminal defendant and were obviously violated throughout the trial. A new trial should be ordered immediately instead of requiring the Court of Appeals to correct the result of the misconduct and perception of the misconduct of the original trial judge.

16. But one example of the most basic trial errors involves two (2) cooperating witnesses that were cooperating with the FBI and the Department of Justice in return for an agreement to "cap" their sentence recommendation to fifteen (15) years and forty (40) years downward from a life sentence. The Department of Justice objected to the defense cross-examination of the Government's cooperating witnesses because, as they said, it would communicate to the jury what potential sentences that Defendant, Justin Smith, faced which could affect their finding of guilt or innocence. The trial judge was reminded by defense counsel that vigorous cross-examination of a cooperating witness is so foundational and fundamental that the Government's objection was without merit especially in light of the fact that the jury would receive a limiting instruction from the trial judge that they were not to consider sentences in determining guilt or innocence, but instead, the evidence would be presented to the jury to show the potential bias of the cooperating witness. To this, the trial judge actually suggested from the

bench in effect, couldn't defense counsel cross-examine the cooperating witness by indicating that the cooperating witnesses were facing "a lot of time?"

17. The original trial judge sided with the Department of Justice, and defense counsel was substantially limited and was not permitted to cross-examine the cooperating witnesses regarding the high-side limits of the sentences they were avoiding. One defense counsel in cross-examination asked of a cooperating witness in substance that depending on his cooperation with the Government and his testimony at trial, the U.S. Attorney's Office would be free to actually recommend "probation" equaling zero time in prison. This drew another objection from the Department of Justice, and when it was pointed out to the trial judge that while the trial judge had erroneously limited defense counsel from suggesting the life sentence avoidance by the cooperating witness, the trial judge ruled that it was still improper for defense counsel to suggest that the cooperating witness might receive probation.

18. There are a multitude of other serious fundamental errors contained in the trial transcript that this current Honorable Trial Court will not be able to read in black and white and perceive the gravity of those errors, or the credibility of witnesses not having been in the courtroom during the trial.

**LIMITED DISCOVERY AND EVIDENTIARY HEARING IS A NECESSITY**

19. Additionally, this Court should permit a limited further investigation of the bias of the trial judge because at this point, all that defense counsel is aware of is an improper ex parte meeting that took place where defamatory and delusional statements were made by the original trial judge regarding the defendants and the Memphis Police Department. When those in the private meetings heard the judge's allegations, the U.S. Attorney's Office, according to the

disclosure, did not probe further leaving open the consideration of whether or not the trial judge has held these beliefs historically.

20. This problem was caused by the original trial judge, and the defendants should not be hamstrung in learning exactly how deep the bias of the original trial judge goes. This further highlights the wrongful conduct of the original trial judge in having ex parte communications with the prosecution without defense counsel present. Defense counsel and defendants simply do not know what they do not know. This is as a result, again, of the original trial judge's choice to make his statements and beliefs known only to one side of the adversarial system.

21. Of course, logic dictates that based upon the statements quoted by the U.S. Attorney's Office, the perceptions of the original trial judge pre-dated his statements, but that has not been established in the record as of yet. The public, the litigants who appeared before that court, and this court should be fully apprised in order to make its decision on whether or not a fundamental right of the defendant has been violated by the original trial judge assigned the case.

22. The defense should be permitted to obtain statements from the trial judge, his law clerks, his administrative staff, the U.S. Marshals Service involved in this situation, the FBI representatives involved in this situation, and all of the U.S. Attorneys who were in the room at the time the statements were made to flesh out not only what was said by the trial judge, but also the motivation behind those statements.

23. To be clear, the U.S. Attorney's Office has disclosed that in a private, improper, ex parte meeting, the original trial judge, who tried this case and had post trial motions to vacate the jury verdict pursuant to Rule 29 and a motion for a new trial pursuant to Rule 33 pending, made statements that his law clerk had been attacked by members of an illegal street gang, and that those attackers were led to the law clerk's home by one or more of the defendants who,

according to the trial judge, were also members of that illegal street gang. It went further. The trial judge, who heard evidence from representatives of the Memphis Police Department, stated his opinion that he would not cooperate in a criminal investigation of the shooting of his law clerk because in his opinion and in his mind, the Memphis Police Department is infiltrated with illegal street gang members.

24. There was not one suggestion or one hint in the federal discovery process or the federal trial that any defendant or any member of the Memphis Police Department was in any way affiliated with an illegal street gang either through membership or relationship, nor was there any suggestion in discovery or at trial that members of the law enforcement agency would support or direct a criminal act such as attempted murder upon a member of the trial judge's staff. Without proof, such allegations evince a complete lack of grip on reality, but even worse, a deep seeded bias against the defendants and the Memphis Police Department.

25. If the conviction is not vacated and a new trial ordered immediately, the Defendant, Justin Smith, prays that this Honorable Court will grant an immediate Interlocutory Appeal in order to set these facts before the Sixth Circuit Court of Appeals to determine whether or not fundamental fairness and protection of the constitutional rights of the defendant should be protected because, while the public perception of the fairness and transparency of the court system is extremely important, even more important is the fundamental right a defendant has to a fair and unbiased judiciary to oversee a trial of their criminal charges.

26. The right to a fair, unbiased judge in criminal cases is undoubtedly clearly established. See *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) ("It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'" (quoting *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942

7

(1955)(alteration in original)). "[T]he Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley,* 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997)(internal quotation marks and citations omitted). Judicial bias, which is "a deep-seated favoritism or antagonism that makes fair judgment impossible," is "constitutionally unacceptable." *Corey v. Bagley*, 706 F.3d 741, 750 (6th Cir. 2013)(citing *Mayberry v. Pennsylvania,* 400 U.S. 455, 465-66, 91 S.Ct. 499, 27 L.Ed. 532 (1971); *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)).

27. The standard for assessing the risk of judicial bias under federal law is also clearly established. This standard is an "objective" one, requiring recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton,* 556 U.S. at 872, 129 S.Ct. 2252 (quoting *Withrow*, 421 U.S. at 47, 95 S.Ct. 1456). To conduct this inquiry, "[t]he Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Id.* at 881, 129 S.Ct. 2252 (internal quotation marks omitted). Because a finding of judicial bias is a structural defect that affects the entire proceeding, it is not subject to a harmless-error analysis. Cf. *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); see *Railey v. Webb,* 540 F. 3d 393, 399 (6th Cir. 2008).

28. In summation, Justin Smith prays for permission of this Court to further explore the motivations behind the statements made in this illegal ex parte meeting which occurred between the original trial judge and the prosecution which includes discovery of facts known to not only the original trial judge, but also those perceptions of the trial judge and his staff. Additionally, the Defendant, Justin Smith, should be permitted to explore exactly what was said,

and the perceptions created with law enforcement and the U.S. Attorneys in the room when the trial judge made the statements, and whether or not these perceptions were suspected prior to this meeting. It is obvious from the disclosure made by the U.S. Attorney's Office that at least one U.S. Attorney "recalled" an earlier ex parte communication by the trial judge suggesting a bias against the Memphis Police Department and its members.

29. Once this evidence is gathered, the Defendant, Justin Smith, prays that a new trial be ordered as to the convicted charge without the necessity of appealing the erroneous and fundamental rulings of the trial court made during the trial in question.

## CONCLUSION

30. Therefore, the Defendant, Justin Smith, prays that a new trial be ordered and a new jury empaneled to hear the evidence of the one convicted count that Justin Smith received which was Obstruction of Justice – Witness Tampering. That is the only fair, honest, transparent, and legal outcome that can start to rebuild faith in a fair and unbiased judiciary that is actually meant to protect the rights of the defendant versus violate them.

Respectfully submitted,

/s/Martin Zummach
Martin Zummach #16352
Attorney for Defendant, Justin Smith
2889 Chattering Lane
Southaven, MS 38672
(901) 482-5909

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of June, 2025, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

*S/Martin Zummach*