IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    Defendant.

CR. NO. 2:23-cr-20191-SHL

### DEFENDANT, JUSTIN SMITH'S, POSITION PAPER

COMES NOW Defendant, Justin Smith, by and through counsel, namely Martin Zummach, and files this his Position Paper as directed by this Honorable Court in its Order Granting Motion for New Trial (ECF No.: 919), and in support of same would state as follows:

1. The Court instructed the parties as follows:

   A status conference in this matter has been set for Thursday, September 25, 2025 at 2:00 p.m. Given that the previous trial resulted in some not guilty verdicts and some guilty verdicts on lesser charges, **the Parties are ordered to submit, by Monday, September 15, 2025, their positions on what is to be tried**.

2. As such, the Defendant, Justin Smith, would respectfully state that all charges for which Justin Smith was acquitted cannot be retried as violative of the Fifth Amendment of the United States Constitution protection against double jeopardy.

3.	The general design of the double jeopardy clause of the Fifth Amendment of the United States Constitution is that as described in *Green v. United States,* 355 U.S. 184 S.Ct. 221, 2 L.Ed.2d 199 (1957):

> The constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense . . . the underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the state with all of its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. *Green,* 355 U.S. at 187-188.

4.	The central objective to the double jeopardy clause is the "prohibition against successive trials" and is the barrier to "affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 16n. 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Swisher v. Brady,* 438 U.S. at 215-216 (1978).

5.	Implicit in this is the thought that if the Government may re-prosecute, it gains an advantage from what it learns at the first trial about the strengths of the defense case and the weaknesses of its own. See *United States v. Scott, supra* note 4, 437 U.S. at 105, 98 S.Ct. at 2189, 57 L.Ed.2d at 71; *United States v. Wilson,* 420 U.S. 352, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232, 242 (1975).

6.	The United States Supreme Court has reiterated "that guarantee [against double jeopardy] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense <u>after acquittal</u>. It protects against a second prosecution for the same offense after conviction. It protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

7. An acquittal is afforded special weight. "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal" for the "public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though the acquittal was based upon an egregiously erroneous foundation. If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair." *Arizona v. Washington,* 434 U.S. 503, 98 S.Ct. 824, 54, L.Ed.2d 717 (1978). The law "attaches particular significance to an acquittal." *United States v. Scott,* 437 U.S. at 91, 98 S.Ct. at 2189, 57 L.Ed.2d at 71.

8. This is justified on the ground that, however mistaken the acquittal might have been, there would be an unacceptably high risk that the government, with its superior resources, would wear down a defendant, thereby enhancing the possibility that even though innocent he may be found guilty. *Green v. United States,* 355 U.S. 188, S.Ct. 221, 2 L.Ed.2d 199 (1957). See also *United States v. Martin Linen Supply Co.,* 430 U.S. 571, 573 (1977).

9. We necessarily afford absolute finality to a jury's verdict of acquittal – no matter how erroneous its decision. *Burks v. United States,* 437 U.S. at 16.

10. In the case at hand, the Government does not argue that Justin Smith's acquittals were erroneous, and even if it did argue that the acquittals were erroneous, it is clear that Justin Smith cannot stand trial for any of the charges for which he has already stood trial and has been acquitted.

11. As such, Count 4 of the Indictment in question alleges:

Obstruction of Justice: Witness-Tampering

On or about January 7, 2023, within the Western District of Tennessee, defendants EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH, while aiding and abetting one another, knowingly engaged in misleading conduct towards,

3

corruptly persuaded, and attempted to corruptly persuade, their supervisor (MPD Supervisor 1) and an MPD Detective (MPD Detective 1) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense. Specifically, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH provided false and misleading information and withheld and intentionally omitted material information in their communications with MPD Supervisor 1 and MPD Detective 1, each of whom was tasked with writing MPD reports for the arrest of Tyre Nichols, including: defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that defendant MARTIN repeatedly punched Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that defendants MARTIN and HALEY kicked Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that Nichols had been struck in the head; defendants falsely stated to MPD Detective 1 that Nichols was actively resisting at the arrest scene; defendants falsely stated to MPD Detective 1 that Nichols grabbed defendant SMITH by his vest and pulled on officers' duty belts; and defendants MILLS and SMITH falsely stated to MPD Detective 1 that Nichols lifted both of them in the air.

In violation of 18 U.S.C. § 1512(b)(3). (Emphasis Added)

12.   Inasmuch as this individual count did result in a conviction, this is the only count which can be retried under the well-established law.

                                  Respectfully submitted,

                                  *S/Martin Zummach*
                                  Martin Zummach (#16352)
                                  Attorney for Justin Smith
                                  2889 Chattering Lane
                                  Southaven, MS 38672
                                  901-482-5909

<u>Certificate of Service</u>

The undersigned certifies that on the 2nd day of September, 2025, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

                                  *S/Martin Zummach*