IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        CR. NO. 2:23-cr-20191-SHL

EMMITT MARTIN, III,
TADARRIUS BEAN, DEMETRIUS
HALEY, DESMOND MILLS, JR.,
AND JUSTIN SMITH

    Defendant.

---

## DEFENDANT, JUSTIN SMITH'S, AMENDED AND SUPPLMENTAL POSITION PAPER

---

COMES NOW Defendant, Justin Smith, by and through counsel, namely Martin Zummach, and files this his Amended and Supplemental Position Paper, and in support of same would state as follows:

1. On August 28, 2025, this Honorable Court entered its Order Granting Motion for New Trial (ECF No.: 919) wherein the Court ordered the parties to submit, by Monday, September 15, 2025, their positions on what is to be tried.

2. On September 2, 2025, Justin Smith filed his initial Position Paper with this Honorable Court (ECF No.: 922) and adopts same as if copied verbatim herein.

3. In addition, counsel for Justin Smith would state that the very double jeopardy arguments made in his original Position Paper apply to certain sub-parts of Count 4 when considered against the acquittals Justin Smith received in Counts 1-3.

1

4. The government filed its Position on Offenses that may be Tried in a Retrial (ECF No.: 940), and in the second unnumbered paragraph the government states:

> The government notes that evidence presented at the trial in 2024 identified other acts of misconduct by the defendants that do not implicate double jeopardy concerns.

5. Having become accustomed to some of the veiled pleadings of the government, counsel for Justin Smith is naturally concerned that the government believes all acts of "misconduct" are triable in the new trial ordered by this Court.

6. This would violate not only the letter but the spirit of the double jeopardy clause of the United States Constitution, and the Court should be wary.

7. Retrying Justin Smith on a charge which would have been necessary to find guilt or innocence in Counts 1-3, but are foundational in any of the sub-parts for Count 4, would be equally violative of the Fifth Amendment double jeopardy rule.

8. The record will reflect that Justin Smith filed his Renewed and Supplemental Motion for Acquittal Pursuant to FRCrP 29 or in the Alternative Motion for New Trial Pursuant to FRCrP 33 (ECF No.: 660) upon entry of the jury's final verdict acquitting him of Counts 1-3.

9. The arguments contained therein regarding the impossibility to find Justin Smith not guilty, either individually or as part of a group of taking part in excessive force; individually or as part of a group witnessing excessive force; or individually or as part of a group or conspiring to cover up excessive force; the jury's acquittal of Justin Smith witnessing anything which would have necessitated or triggered his duty to intervene to stop excessive force, and the jury's acquittal of Justin Smith of witnessing any injuries to Tyre Nichols which would have gone directly to Justin Smith misleading either his supervisor or medical providers defeats Count 4 of the Indictment and re-trying the issues necessary to prove Count 4 will violate the Fifth Amendment protection against double jeopardy.

WHEREFORE, PREMISES CONSIDERED, in addition to the arguments made in his original Position Paper, counsel for Justin Smith would call the Court's attention to the nuanced facts that the original jury obviously found in Justin Smith's favor.

                                                Respectfully submitted,

                                                *S/Martin Zummach*
                                                Martin Zummach (#16352)
                                                Attorney for Justin Smith
                                                2889 Chattering Lane
                                                Southaven, MS 38672
                                                901-482-5909

<u>Certificate of Service</u>

The undersigned certifies that on the 15th day of September, 2025, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

                                                *S/Martin Zummach*